**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Latoria Gee,

    Plaintiff,

v.

ResCare New Jersey,

    Defendant.

Case No. _____

JURY TRIAL DEMANDED

**COMPLAINT**

NOW COMES Plaintiff, Latoria Gee (hereinafter referred to as "Plaintiff") by and through her attorneys, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

**NATURE OF THE ACTION**

1.    Plaintiff initiates this action to redress violations of ResCare New Jersey (hereinafter referred to as "Defendant") of the Americans With Disabilities Act ("ADA" – 42 U.S.C. §§ 12101, *et seq*), the Family Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*).

**JURISDICTION AND VENUE**

2.    This action is initiated pursuant to federal law. The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard

set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC.

**PARTIES**

6.      The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with a primary residence located at 135 Cropwell Drive, Maple Shade, NJ 08052.

8.      Defendant is a business entity with a regular place of business located at 9000 Commerce Parkway, Suite A, Mount Laurel, NJ 08054.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

**FACTUAL BACKGROUND**

10.      The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11.      At all times relevant herein, Plaintiff has suffered from serious health conditions, including severe anxiety.

12.    On about June 29, 2009, Plaintiff was hired by Defendant as a Quality Support Associate Professional.

13.    Despite her serious health conditions, Plaintiff was capable of performing the essential functions of her job with Defendant. However, at times, Plaintiff required reasonable accommodations, including time off from work.

14.    As a result of her serious health conditions, Plaintiff requested and was approved for an FMLA leave of absence commencing on about May 1, 2018.

15.    Although Plaintiff was initially expecting to return to work on June 1, 2018, due to ongoing complications arising out of her serious health conditions, she requested several extensions to her leave of absence (a reasonable accommodation).

16.    As of July 23, 2018, Plaintiff had not yet been cleared to return to work, and as such required an extension to her leave of absence (a reasonable accommodation).

17.    By way of a fax dated July 23, 2018, Defendant contacted Plaintiff's treating physician, therein requesting that copies of Plaintiff's treatment records be sent by no later than July 30, 2018. This fax was sent by Liberty Mutual (Defendant's FMLA third-party administrator), and instructed Plaintiff's treating physician to fax the requested records to 603-334-4102.

18.    As requested, Plaintiff's treating Physician faxed her medical records to the fax number referenced in Paragraph 17.

19.    On about September 18, 2018, Plaintiff contacted Defendant about returning to work. At that time, Defendant advised Plaintiff that she had been terminated from employment for allegedly failing to respond by July 30, 2018. However, as set forth in Paragraph 18, Plaintiff (through her treating physician) complied with Defendant's request.

20.     In about October of 2018 – several months *after* Defendant claims Plaintiff had been terminating for allegedly failing to respond to Defendant – Plaintiff received a different letter dated July 23, 2018. This letter was addressed to Plaintiff and requested that she provide information regarding any request for accommodations by no later than July 30, 2018. However, Plaintiff did not receive this letter at the time it is alleged to have been sent.

21.     Plaintiff believes, and therefore avers, that: 1) she was denied a request for a reasonable accommodation; and 2) Defendant terminated Plaintiff from employment because of her serious health condition and/or because of her request for a reasonable accommodation

**Count I**
**Violations of the ADA**
**(Discrimination, Failure to Accommodate and Retaliation)**

22.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

23.     At all times relevant herein, Plaintiff was a qualified individual with a disability as defined by the ADA.

24.     As described in detail above, Plaintiff requested reasonable accommodations.

25.     As described in detail above, Defendant denied Plaintiff's request for reasonable accommodations.

26.     Rather than grant Plaintiff's request for reasonable accommodations, Defendant terminated Plaintiff's employment.

27.     These actions constitute violations of the ADA.

**Count II**
**Violations of the FMLA**
**(Retaliation)**

28.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

29.    Defendant is an employer under the FMLA, as Defendant is engaged in commerce and/or activities affecting commerce and employed fifty (50) or more employees.

30.    At all times relevant herein, Plaintiff was an FMLA eligible employee as she: 1) worked for Defendant for at least twelve (12) months; 2) worked at least 1,250 hours for Defendant in the twelve (12) months prior to the start of her FMLA leave; and 3) worked at a location where at least fifty (50) employees were employed within seventy-five (75) miles.

31.    Plaintiff exercised her rights under the FMLA, as she requested and was approved for leave arising out of her serious health conditions.

32.    Defendant retaliated against Plaintiff by virtue of its termination of Plaintiff within a close temporal proximity of her FMLA leave.

33.    Defendant retaliated against by Plaintiff because Plaintiff was terminated for untrue and pretextual reasons.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A.    Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hand of Defendant until the date of verdict;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esq.
**KRAEMER, MANES &**
**ASSOCIATES LLC**
PA ID: 312448
1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19102

(215) 475 3504 Direct
(215) 734 2466 Fax
jwc@lawkm.com

# <u>EXHIBIT A</u>

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Latoria Gee<br>135 Cropwell Drive<br>Maple Shade, NJ 08052 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-00827 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature: Jamie R. Williamson]*

March 6, 2019

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

cc:

| William F. English, Esq.<br>NAPIER GAULT SCHUPBACH & STEVENS PLC<br>730 W Main St. Suite 400<br>Louisville, KY 40202 | Jonathan W. Chase, Esq.<br>KRAEMER, MANES & ASSOCIATES LLC<br>1629 Jfk Blvd.<br>Suite 1650<br>Philadelphia, PA 19102 |
|---|---|